# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL ANTONIO MALONE,

        Petitioner,       :      Case No. 1:17-cv-548

  - vs -                          District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                               :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report," ECF No. 17). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

The Petition in this case pleads eight grounds for relief. The Report organizes its analysis around each of these eight grounds. The Objections, however, which are seventy-two pages long, are not organized in that way. Instead, Petitioner asserts seven pages of what he labels "Factual Errors" and sixty-four pages of what he labels "Legal Errors" without separating them by the Ground for Relief to which they relate. Rather than track the structure of the Objections, this Supplemental Report will try to group the substance of Malone's Objections with each of the Grounds for Relief to which it appears to relate.

**Ground One: Allied Offenses Error**

1

In his First Ground for Relief, Malone argues the Fourth District Court of Appeals erred in its analysis of whether his convictions for forgery and uttering a forged instrument should have been merged under Ohio Revised Code § 2941.25, the Ohio allied offenses statute. The Respondent defended on the grounds that different checks were involved in the two counts, that incorrect application of Ohio Revised Code § 2941.25 is not cognizable in habeas because it is a state law question, and that any argument by Malone that his conviction on both counts violates the Double Jeopardy Clause is procedurally defaulted because he never presented a double jeopardy argument to the Ohio courts.

The Report agreed that there were multiple checks involved. It found Malone had not fairly presented a double jeopardy claim because he cited neither the Constitution itself nor any federal case law on the Double Jeopardy Clause to the Ohio court. It also concluded this Court cannot review the correctness of a state court's interpretation of Ohio Revised Code § 2941.25.

Malone objects that he did raise a Double Jeopardy claim on appeal (Objections, ECF No. 18, PageID 881, citing State Court Record, ECF No. 8, Exhibits 22 and 25). Exhibit 22 is Malone's Application for Reopening his Direct Appeal under Ohio R. App. P. 26(B). In that document, none of the omitted assignments of error mentions the Double Jeopardy Clause. Even if it had, a defendant cannot raise an issue a new direct appeal issue by including it in a 26(B) Application. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), citing *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that

every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

Malone claims his lawyer argued Double Jeopardy in oral argument before the Fourth District, but there is no transcript of that oral argument in the State Court Record.

Malone claims further that he argued a Double Jeopardy claim before the Ohio Supreme Court (Objections, ECF No. 18, PageID 881, citing State Court Record, ECF No. 9, Exhibits 19, 20, 26, and 27). Exhibit 19 is a bare Notice of Appeal and does not mention Double Jeopardy. Exhibit 20 is Malone's Memorandum in Support of Jurisdiction in the Supreme Court. It does mention Double Jeopardy, but cites no federal case law whatsoever. Of course, one may not raise a claim for the first time on appeal to the Supreme Court of Ohio and that court did not decide this case on the merits in any event.

There is no textual evidence that the Fourth District understood it was deciding a Double Jeopardy claim as opposed to a merger of allied offenses claim. But in any event the Sixth Circuit has held that an Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632 (1999), overruled by *State v. Johnson*, 128 Ohio St. 3d 153 (2010). Thus, the Fourth District's denial of Malone's merger of allied offenses claims effectively determines that the General Assembly intended multiple punishments in situations such as Malone's.

**Ground Two: Failure to Inquire into Ability to Pay Restitution**

In his Second Ground for Relief, Malone claims his rights were violated when the trial

3

court failed to inquire into his ability to pay restitution. The Report recommended dismissal because Malone is not in custody as a result of the restitution order. Malone raises no objection.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Malone claims he received ineffective assistance of appellate counsel in five respects. The Report noted that the Fourth District had considered these ineffective assistance of appellate counsel claims on the merits and found them wanting. Under Supreme Court precedent, it was Malone's burden to show that that decision was an objectively unreasonable application of clearly established Supreme Court precedent, i.e., that one or more of his omitted assignments of error would have been successful if it had been raised, and he had not met that burden.

One omitted assignment of error that Malone claims would have been successful is the claim that the jury received a set of proposed jury instructions that included reference to his prior criminal record. The Fourth District found as a matter of fact that the transcribed jury instructions orally given by the court did not include the objectionable language. To prove that the jury saw the objectionable language, Malone refers to language of the court about providing a written copy to the jury as is required by Ohio Crim. R. 30 (Objections, ECF No. 18, PageID 886). As the Fourth District noted, the existence of proposed jury instructions in the Clerk's file does not prove they were ever given to the jury. Malone argues at great length in his Objections that the erroneous proposed instructions must have gone to the jury, but he refers to no direct proof to show that the Fourth District's contrary decision is clearly unreasonable.

Malone relies on the proposition that 26(B) proceedings are part of direct appeal, citing

4

*Bronaugh v. Ohio*, 235 F.3d 286 (6th Cir. 2000), which in turn relied on *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000). The Magistrate Judge is uncertain what relevance this proposition has, but in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*), the court expressly overruled *White v. Schotten* and held that 26(B) proceedings are collateral and defendants are not entitled to counsel in those proceedings.

In rearguing his double jeopardy claim, Malone accuses the Magistrate Judge of "simply reprint[ing] the State's brief" on this issue and therefore "fail[ing] to live up to his responsibility and did not make its decision looking through the lens of a neutral party." (Objections, ECF No. 18, PageID 918.) What appears in the objected-to portion of the Report is **not** a portion of the State's brief on appeal, but a portion of the Fourth District's decision on appeal. A habeas court is required to evaluate whether the state court's decision was objectively unreasonable. 28 U.S.C. § 2254(d)(1). Lengthy quotations from state appellate decisions are recited in Magistrate Judge reports so that the reader (and in particular the reviewing District Judge) can see for himself or herself what the appellate court said without searching for the opinion in the record or in an online database.

Malone objects that the Fourth District's finding that there were multiple checks involved amounts to a constructive amendment of the indictment, depriving him of his grand jury right (Objections, ECF No. 18, PageID 920). This claim is not made in the Petition and, in any event, there is no federal right to grand jury indictment binding on the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975). More recent citation to *Hurtado* assures its continued vitality. See *Apprendi v. New Jersey*, 530 U.S. 466, 499 (2000)(noting that "with the exception of the Grand Jury Clause . . . the Court has held that the[] protections [guaranteed in the Fifth and Sixth Amendments] apply

5

in state prosecutions."). Finally, the Indictment charges forgery and uttering over the course of a whole year with a loss of $37,500 or more. Malone made no claim in the trial court or on direct appeal that the Indictment did not give him adequate notice of the multiple instruments involved.

Finally at page 47 of the Objections (ECF No. 18, PageID 926), Malone comes to the test for Double Jeopardy: does each statute of conviction require proof of an element not required by the other? *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Ohio Revised Code § 2913.31(A)(1) requires proof that the defendant forged the writing of another without the other person's authority. That is what is charged in Count 2 of the Indictment. Count 3 charges a violation of Ohio Revised Code § 2913.31(A)(3) by uttering or possessing with intent to utter a forged writing. Creating a forged document and uttering it are different crimes for purposes of the Double Jeopardy Clause.

**Ground Four: Sufficiency of the Evidence**

In his Fourth Ground for Relief, Malone contends his convictions are not supported by sufficient evidence. The Report recommends that this claim be dismissed because it was not raised on direct appeal and Malone did not establish that failure to raise it was ineffective assistance of appellate counsel (Report, ECF No. 17, PageID 873). Malone does not argue with this conclusion directly, but returns to his argument about the proposed jury instructions (ECF No. 18, PageID 933-48).

**Ground Five: Verdicts Against the Manifest Weight of the Evidence**

The Report concluded this claim was not cognizable in habeas, relying on *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986)(ECF No. 17, PageID 873-74). Malone does not object.

**Ground Six: Erroneous Jury Instructions**

Malone's objections on this issue have been dealt with above.

**Ground Seven: Missing Verdict Forms**

The Report recommended that this claim be dismissed as either procedurally defaulted because not raised on direct appeal or without merit. Malone does not object.

**Ground Eight: Cumulative Error**

In his Eighth Ground for Relief, Malone claimed he was entitled to relief on the basis of cumulative error. The Report recommended dismissal of the claim as not cognizable in habeas and Malone does not object.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 8, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).