**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Michael Antonio Malone,

         Petitioner,                  Case No.  1:17-cv-548

      v.                          Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

Warden, Chillicothe
Correctional Institution,[1]          **ORDER**

         Respondent.

     This matter is before the Court on the Report and Recommendations ("R&R")

issued by the Magistrate Judge on April 4, 2019 (Doc. 17) and on May 8, 2019 (Doc. 20).[2]

## I.  BACKGROUND

     Michael Antonio Malone was convicted of one count of theft from an elderly person

in violation of Ohio Rev. Code § 2913.02(A)(1), (B)(1) & (3) (Count 1); one count of forgery

in violation of Ohio Rev. Code § 2913.31(A)(1), (C)(1)(c)(iii) (Count 2); one count of

forgery (uttering) in violation of Ohio Rev. Code § 2913.31(A)(3), (C)(1)(c)(iii) (Count 3);

and one count of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A) &

(C) (Count 4).  (Doc. 9 (Exh. 4) PAGEID 91–98).  For purposes of sentencing, the trial

---

[1] At the time his petition was filed, Petitioner was housed at Noble Correctional Institution.  He currently is housed at Chillicothe Correctional Institution.  *See* Ohio Department of Rehabilitation & Correction, Offender Details, located at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A698282 (last visited 03/25/2022).

[2] The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  Recently, though, the Sixth Circuit clarified that failure to object is not a waiver, but instead a *forfeiture*.  *Berkshire v. Dahl*, 920 F.3d 520, 530 (6th Cir. 2019) ("Although our cases often use the terms interchangeably, '[w]aiver is different from forfeiture.'  Waiver is affirmative and intentional, whereas forfeiture is a more passive 'failure to make the timely assertion of a right[.]'") (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

court merged (pursuant to Ohio Rev. Code § 2941.25(A)[3]) Count 1 with Counts 2 and 3. (Doc. 9 (Exh. 5) PAGEID 100–01).[4]  Malone was sentenced to four years on Count 2, seven years on Count 3, and 18 months on Count 4.  (*Id.* PAGEID 101).  The trial court ordered that Counts 2 and 4 run concurrent to each other, but consecutive to Count 3, for a total aggregate prison term of 11 years.  (*Id.* PAGEID 102).

Malone filed a direct appeal with the Fourth District Court of Appeals, which affirmed save for concluding that uttering a forged check (in violation of Ohio Rev. Code § 2913.31(A)(3)) and receiving stolen property (in violation of Ohio Rev. Code § 2913.51(A)) were allied offenses of similar import such that the trial court should also have merged Count 4 with Count 3 (again, pursuant to Ohio Rev. Code § 2941.25(A)). (Doc. 9 (Exh. 13)).  On remand, the trial court merged Count 4 with Count 3 but noted, "In that this Court had previously ordered the sentence in Count 4 to be served concurrently with defendant's sentence on the other charges of the indictment, this merger does not affect the aggregate sentence defendant was previously ordered to serve."  (Doc. 9 (Exh. 30) PAGEID 352).

Malone filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on August 18, 2017, in which he pled eight grounds for relief.  (Doc. 1).  The Magistrate Judge issued an initial R&R (Doc. 17) on the merits of Malone's petition on April 4, 2019,

---

[3] Ohio Rev. Code § 2941.25(A) provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  Conversely, "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."  Ohio Rev. Code § 2941.25(B).

[4] The trial court expressly found that Counts 2 and 3 did not merge with each another and that Count 4 did not merge with any other count.  (Doc. 9 (Exh. 5) PAGEID 100–01).

recommending that it be dismissed with prejudice.  He also recommended that Malone be denied a certificate of appealability[5].  (*Id.* PAGEID 878).

Malone timely filed objections.  (Doc. 18).  The undersigned recommitted the matter to the Magistrate Judge (Doc. 19), who then issued a Supplemental R&R (Doc. 20) on May 8, 2019 that again recommended that Malone's petition be dismissed with prejudice and a certificate of appealability be denied.  Malone timely filed objections to the Supplemental R&R, stating "Although the petition in the case at bar pleads eight (8) grounds, Petitioner has chosen to move forward only on Ground One, Ground Three and Ground Six of the petition."  (Doc. 21 PAGEID 966).  With Grounds Two, Four, Five, Seven, and Eight abandoned, the Court will proceed to review Malone's objections to the Magistrate Judge's recommendations (initial and supplemental) as to Grounds One, Three, and Six.

## II.    GENERAL STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge.  With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

---

[5] *See* 28 U.S.C. 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect."  *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).  "Crucially, in applying this standard, a court must consider *not only* the merits of the underlying constitutional claim *but also* any procedural barriers to relief."  *Id.* (citing, *inter alia*, *Buck v. Davis*, --- U.S. ---, 137 S. Ct. 759, 777 (2017)) (italics in original).

the magistrate judge with instructions." *Id*.; *see* 28 U.S.C. § 636(b)(1).

General objections are insufficient to preserve any issue for review.  "A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard*, 932 F.2d at 508–09).

## III.    DISCUSSION

**April 4, 2019 R&R (Doc. 17).**    As noted, the Magistrate Judge initially recommended that all eight grounds for relief pled in Malone's petition be dismissed with prejudice and that Malone be denied a certificate of appealability.  Below is a summary of the Magistrate Judge's analysis as to the grounds (One, Three, and Six)[6] that Petitioner has not since abandoned.

> **Ground One:**    The **Allied Offense and Merger violation** is apparent on the face of the indictment when Petitioner is charged as if it is a single count.  Petitioner was convicted on *one count* of forgery and *one count* of uttering.  The Court of Appeals Of Ohio, Fourth

---

[6] (*See* Doc. 17 PAGEID 859–63, 865–72, 874–75).

> Appellate District, Scioto County, unreasonably applied clear United States Supreme Court precedent and applied unreasonably and undermined facts thereby violating Petitioner's Fifth and Fourteenth Constitutional rights as well as Article I, § 10 of the Ohio Constitution, which left Petitioner with an 11-year sentence and is contrary to Federal and State due process clauses to the Constitution.

(Doc. 1 PAGEID 5 (bold emphasis added) (italics in original)).

As to Ground One, the Magistrate Judge was persuaded by the Warden's arguments that: (1) the Fourth District Court of Appeals did not err in its merger of allied offenses analysis because the convictions for forgery and for uttering are based on different checks; (2) a violation of Ohio Rev. Code § 2941.25 is not cognizable in federal habeas corpus because it only involves a question of state law;[7] and (3) any Fifth Amendment Double Jeopardy Clause claim asserted here is procedurally defaulted because Malone did not first present it to the state courts for consideration.  (Doc. 17 PAGEID 860).  Thus, the Magistrate Judge initially recommended that Ground One be dismissed with prejudice as non-cognizable (as to claimed Ohio Rev. Code § 2941.25 violations) or procedurally defaulted (as to a Double Jeopardy Clause claim) for failure to fairly present it to the Fourth District.  (*Id.* PAGEID 863).

The Magistrate Judge acknowledged that Malone correctly cited the ways in which a federal constitutional claim can be fairly presented to the state courts[8], but explained

---

[7] "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody **in violation of the Constitution or laws or treaties of the United States**."  28 U.S.C. § 2254(a) (emphasis added).  (*See* Doc. 17 PAGEID 863 (citing, *inter alia*, *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010))).

[8] "A petitioner fairly presents his claim to the state courts by citing a provision of the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." (Doc. 13 PAGEID 754 (citing 28 U.S.C. § 2254(b); *Carter v. Bell*, 218 F.3d 581, 606–07 (6th Cir. 2000))).

that Malone failed to apply any of them to his own case. (*Id.* PAGEID 862). In his First Assignment of Error before the Fourth District, Malone argued a violation of Ohio Rev. Code § 2941.25 *only*, with no citation to the United States Constitution or federal case law interpreting it. (*Id.*). And the Fourth District, in rejecting Malone's claim, made no reference to deciding a double jeopardy issue. (*Id.*).

Malone's contention that he has not procedurally defaulted his Double Jeopardy Clause claim likewise fails. As the Magistrate Judge clarified, even assuming Malone raised it on discretionary appeal to the Ohio Supreme Court, that court will not consider a claim of error not raised in the lower court of appeals. (*Id.* PAGEID 863). Furthermore, *Palmer v. Haviland*, No. C-1-04-28, 2006 WL 1308219 (S.D. Ohio May 11, 2006), on which Malone relies, does not stand for the proposition that pleading a violation of Ohio Rev. Code § 2941.25 automatically (and sufficiently) alerts an Ohio court to the presence of a Double Jeopardy Clause claim. Judge Weber, who decided *Palmer*, determined that the petitioner before him had argued his allied offenses claim in terms of *State v. Rance*, a case in which the Ohio Supreme Court framed the issue as whether "R.C. 2941.25(A) **and the constitutional protections against double jeopardy** prohibit trial courts from imposing separate sentences for both involuntary manslaughter and aggravated robbery." *Palmer*, 2006 WL 1308219, at *6 (quoting *Rance*, 85 Ohio St. 3d 632, 634, 710 N.E.2d 699, 702 (Ohio 1999)[9]) (emphasis added by the undersigned). Here, again, as the Magistrate Judge pointed out, Malone did not cite to an Ohio case that contained a

---

[9] *State v. Rance* was overruled by *State v. Johnson*, 128 Ohio St.3d 153, 942 N.E.2d 1061 (Ohio 2010).

double jeopardy analysis and the Fourth District does not mention "double jeopardy" anywhere within its decision. (Doc. 17 PAGEID 863).[10]

> **Ground Three:** Petitioner was **prejudicially deprived of his rights to Effective Assistance of Appellate Counsel on direct appeal** as secured by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution where ineffective assistance offered by Appellate Counsel plagued petitioner's appeals with prejudice. The Court Of Appeals Of Ohio, Fourth Appellate District, Scioto County, unreasonably applied the *Strickland* standard to assess ineffective assistance of counsel when it erroneously concluded that it is their belief that Petitioner's proposed assignments of error would not have had a reasonable probability of success had appellate counsel raised them on appeal. Appellate counsel was ineffective under *Strickland* by not addressing appellant's concerns.

(Doc. 1 PAGEID 8–9 (emphasis added)).

The Supreme Court set forth the governing standard to measure ineffective assistance of trial counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance, a defendant must show both deficient performance as well as prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010) (citing *Knowles v. Mirzayance*, 556 U.S. 111 (2009) (citing *Strickland*, 466 U.S. at 694)). The *Strickland* test applies to appellate counsel, too. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Smith v. Murray*, 477 U.S. 527, 535–36 (1986)). "Although appellate counsel has no obligation to raise every possible claim and the decision on which claims to raise is ordinarily entrusted to counsel's professional judgment, the failure of counsel to raise a meritorious issue can amount to constitutionally ineffective assistance. *Henness v.*

---

[10] The Court notes that Magistrate Judge Merz reached the opposite conclusion under what appears to be similar facts (that is, no mention of the Double Jeopardy Clause in the assignments of error on direct appeal) in a different habeas case. *See Creachbaum v. Robinson*, No. 3:20-cv-164, 2020 WL 2085191, at *4 (S.D. Ohio Apr. 30, 2020) ("[R]aising a § 2941.25 claim in the state courts fairly presents and therefore preserves a double jeopardy claim for federal habeas review.") (citing *Palmer v. Haviland*).

*Bagley*, 644 F.3d 308, 317 (6th Cir. 2011) (citing *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004)). "To evaluate a claim of ineffective assistance of counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Id.* (citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008)). "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.* (citing *Wilson*, 515 F.3d at 707).[11] Counsel need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). But a failure to raise a "significant and obvious" claim can amount to reversible error. *Mapes v. Tate*, 388 F.3d 187, 192 (6th Cir. 2004).

The Magistrate Judge chronicled the five ways in which Malone claims, on habeas review, he received ineffective assistance of appellate counsel. (Doc. 17 PAGEID 865). Appellate counsel failed: (1) to raise a claim that the jury received erroneous instructions; (2) to raise an insufficiency of the evidence claim; (3) to keep Malone informed about "important decisions and on arguments he was preparing"; (4) "to protect petitioner's Constitutional rights raised herein"; and (5) to argue the prejudice that resulted from jurors being given evidence of Malone's prior convictions. (*Id.*). The Magistrate Judge also noted that Malone raised claims of ineffective assistance of appellate counsel in his Rule

---

[11] "If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider **whether the claim's merit was so compelling** that the failure to raise it amounted in ineffective assistance of appellate counsel." *Henness*, 644 F.3d at 317 (citing *Wilson*, 515 F.3d at 707) (emphasis added by the undersigned).

26(B)[12] application, which is the appropriate forum under Ohio law.  There the Fourth District measured the merits of Malone's claims against the *Strickland* standard, as recast for appellate counsel.  (Doc. 17 PAGEID 867–70 (citing Doc. 9 (Exh. 25, "Entry on Application to Reopen Appeal") PAGEID 287–95)).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to, or an objectively unreasonable application of, clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).[13]  Relevant here:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The

---

[12] "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio R. App. P. 26(B)(1).

[13] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

> question is whether there is any reasonable argument that counsel
> satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).  The Magistrate Judge

discussed the two "omitted" assignments of error on which Malone specifically focuses:

the jury saw erroneous instructions and appellate counsel failed to claim that the verdicts

were based on insufficient evidence or were against the manifest weight of the evidence.

(Doc. 17 PAGEID 871–72).

As to the jury instructions, Malone claims that "it is a known fact that appellate

counsel ***knew*** but ***failed*** to present arguments to the appellate court when he ***was aware***

that jurors received proposed jury instructions (which contained evidence of prior

convictions), in the deliberation room, that were not meant for them to have."  (*Id.* at

PAGEID 871 (quoting Doc. 13, "Petitioner's Traverse/Reply Brief,"[14] PAGEID 788 (citing

Doc. 9 (Exh. 3, "State's Proposed Jury Instructions")) (emphasis by Petitioner in

original))).  Referencing the Fourth District's opinion, the Magistrate Judge noted that

there is no proof that these instructions—though filed with the clerk of court—ever

reached the jury.  And, under Supreme Court precedent, a failure to raise an assignment

of error that could not have been won is not ineffective assistance of appellate counsel.

The Magistrate Judge further noted that the Fourth District outright rejected

Malone's claim of ineffective assistance of appellate counsel based on the sufficiency and

weight of the evidence, which is tantamount to holding that it would have rejected those

claims had they been presented.  Had that happened *and* had Malone presented the

---

[14] Rule 5 of the Rules Governing Section 2254 Cases provides for an answer by the State and a reply from the petitioner, traditionally known as a "return" and a "traverse".

claims here for habeas consideration, this Court would be required to give deference first to the jury's verdict[15] and then to the Fourth District's review of the verdict on direct appeal[16].  In the Magistrate Judge's view, "Malone had motive, means, and opportunity to commit these crimes" and "[h]is alternative story that someone else broke into the [victim's] home, stole the checks, and then made them payable to Malone and put them in [Malone's home] mailbox is patently absurd."  (Doc. 17 PAGEID 872).

Because Malone failed to meet his burden that one or more of the "omitted" assignments of error, if argued, likely would have changed the outcome of his appeal, the Magistrate Judge recommended dismissal with prejudice as to Ground Three.

> **Ground Six:**  Petitioner will show that he was **denied his federal Sixth Amendment rights to have a fair and impartial jury when erroneous jury instructions made its way into the hands of the jury** and the appellate court unreasonably applied clear federal constitution [sic] when during the course of the trial, portions of the jury instructions were admitted into evidence pursuant to a agreement of counsel that unadmitted portions would be removed from the instructions before they were submitted to the jury.  The deletions were not made before the jury began its deliberations.  The unfair prejudicial error was committed when erroneous jury instructions made its way into jury room as part of the government exhibit and appellate counsel was ineffective under *Strickland* for not addressing the Constitutional Violation on direct appeal.

(Doc. 1 PAGEID 11–12 (emphasis added)).  Malone asserts in Ground Six that he was denied a fair trial when the jury saw erroneous instructions while deliberating.  As before, the instructions to which Malone refers are the State's Proposed Jury Instructions that mention his prior convictions.  As the Magistrate Judge explained, this claim could have

---

[15] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[16] Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Pub. L. No. 104–132, 110 Stat. 1214) (codified at 28 U.S.C. § 2254(d)).

been on raised direct appeal but was not.  Thus, Malone's due process claim is procedurally defaulted.[17]  And, as the Magistrate Judge further explained, Malone's attempt to excuse the procedural default fails under well-settled law.

The Fourth District did not "lift[  ] the procedural bar" in denying Malone's Rule 26(B) application.  (*See* Doc. 17 PAGEID 874 (quoting Doc. 13 PAGEID 816)).  Instead, the Fourth District clearly limited its analysis to the question of whether appellate counsel was ineffective for failing to present this assignment of error.  In other words, the key question is how strong the omitted assignment of error would have been.  (*Id.* PAGEID 874).  "[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'"  *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)).  Thus, Malone's Rule 26(B) application "based on ineffective assistance of counsel cannot function to preserve" the underlying substantive claim.  *Id.*

Because Ground Six is procedurally defaulted by failure to raise this claim on direct appeal and because the default is not excused by ineffective assistance of appellate counsel, the Magistrate Judge recommended dismissal with prejudice.

**May 8, 2019 Supplemental R&R (Doc. 20).**  As noted, after Malone filed timely objections (Doc. 18) to the April 4, 2019 R&R (Doc. 17), the undersigned recommitted the

---

[17] *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("In *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971), we made clear that 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.").

matter (Doc. 19) to the Magistrate Judge for further analysis.  The Magistrate Judge then issued a Supplemental R&R (Doc. 20) on May 8, 2019.  Summarized below are those portions of the Supplemental R&R (relating to Grounds One, Three, and Six) to which Malone has objected.

**Ground One.**  Malone objected to the "factual" finding in the April 4, 2019 R&R that he procedurally defaulted his double jeopardy claim, referring the Court to his Rule 26(B) application.  (*See* Doc. 20 PAGEID 959 (citing Doc. 18 PAGEID 881)).  But, as the Magistrate Judge observes in his Supplemental R&R, none of the six assignments of error listed in the application mention a Double Jeopardy Clause violation.  (*Id.*; *see* Doc. 9 (Exh. 22) PAGEID 224–35)).  But even if they had, a defendant cannot raise a new "direct appeal" issue by including it in a Rule 26(B) application.  (Doc. 20 PAGEID 959).  As already discussed, a Rule 26(B) application preserves for habeas review *only* the ineffective assistance of appellate counsel arguments, *not* the underlying substantive arguments.  (*See id.* (citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) (citing *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001)))).  "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion 'would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel.'"  (*Id.* (quoting *Wogenstahl*, 668 F.3d at 338 (quoting *Lott*, 261 F.3d at 612))).

Malone also claimed his appellate lawyer argued a double jeopardy claim at oral argument before the Fourth District, but the Magistrate Judge notes in his Supplemental R&R that there is no transcript of that oral argument in the state court record filed by the

Warden and thus no evidence in support of this assertion.  (Doc. 20 PAGEID 960).  The Magistrate Judge also notes in his Supplemental R&R—as he did in his April 4, 2019 R&R—that there is also no textual evidence that the Fourth District understood that it was deciding a Double Jeopardy Clause claim (as opposed to a state statute-based merger of allied offenses claim).  (*Id.*).  That is to say, the Fourth District did not include the words "double jeopardy" anywhere in its opinion.

Malone additionally claimed that he (proceeding *pro se*) argued a double jeopardy claim before the Ohio Supreme Court.  (*See id.*).  Although his "Memorandum in Support of Jurisdiction" presented the first of two "critical" issues as "whether the court erred in its allied offenses and merger ruling under O.R.C. 2941.25, pursuant to the Double Jeopardy Clause[,]" as the Magistrate Judge points out in his Supplemental R&R, Malone failed to cite any *federal* case law in support.  (*Id.*; *see* Doc. 9 (Exh. 20) PAGEID 196–203).  And again, as the Magistrate Judge previously discussed, a defendant may not raise a claim for the first time on appeal to the Ohio Supreme Court.

Finally—and ostensibly in the alternative—the Magistrate Judge cited to *Jackson v. Smith*, 745 F.3d 206, 209 (6th Cir. 2014) for the proposition that "the Sixth Circuit has held that an Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim."  (Doc. 20 PAGEID 960).  Thus, as the Magistrate Judge explained, "the Fourth District's denial of Malone's merger of allied offenses claims effectively determines that the [Ohio] General Assembly intended multiple punishments in situations such as Malone's." (*Id.*).

**Grounds Three and Six.**  In his April 4, 2019 R&R, the Magistrate Judge recommended dismissal with prejudice as to Ground Three—alleging ineffective assistance of appellate counsel—because Malone failed to meet his burden that one or more of the "omitted" assignments of error, if argued, likely would have changed the outcome of his appeal.  For example, as to the claim that the jury received a set of proposed instructions that included reference to Malone's prior criminal record, the Magistrate Judge observed that the Fourth District found, as a matter of fact, that the transcribed jury instructions read orally by the court did not include the objectionable language.  (Doc. 20 PAGEID 961).  Moreover, the Fourth District concluded, as a matter of law, that there was no proof that these proposed instructions, although filed with the clerk of court, were ever given to the jury.  (*Id.*).

The Magistrate Judge again recommended dismissal with prejudice as to Ground Six, which, like Ground Three, references the same proposed jury instructions.  Malone's claim that he was denied due process (in the form of a fair trial) is procedurally defaulted and not excused by an allegation of ineffective assistance of appellate counsel.

**Objections (Doc. 21) to May 8, 2019 Supplemental R&R (Doc. 20).**

**Ground One.**  Malone's 15-page objection to the Magistrate Judge's recommendation as to Ground One focuses first on the issue of procedural default.  He argues that, under *Palmer v. Haviland* and *Jackson v. Smith*, the Fourth District "necessarily" considered a double jeopardy claim in deciding his allied offenses claim.  (Doc. 21 PAGEID 970–75).  For purposes of ruling on Malone's objection, the

undersigned will assume this to be true.[18]  Accordingly, the Court must review the Fourth

District's decision under AEDPA's heightened standards.  *Jackson*, 745 F.3d at 210[19];

*Henley v. Marquis*, No. 18-4209, 2019 WL 9047226, at *7 (6th Cir. Dec. 13, 2019).

---

[18] As the panel in *Jackson* reasoned:

> In cases where the state court relied solely upon state authority, we previously held that the federal claim was not adjudicated on the merits and considered the claim de novo.  *See* [*Danner v. Motley*, 448 F.3d 372, 376 (6th Cir. 2006)] (concluding that "[a]ny consideration of the Sixth Amendment contained within the state case law upon which the state courts relied is too attenuated to consider the Sixth Amendment claim to have been 'adjudicated on the merits'").  But the Supreme Court recently overruled our approach and held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  [*Harrington v.*] *Richter*, 131 S. Ct. [770,] 784–85 [(2011)].  And this rule applies, whether the state court denied relief summarily, *see id.*, expressly addressed some of the claims but not the one advanced on federal habeas review, *see Johnson* [*v. Williams*], 133 S. Ct. [1088,] 1093 [(2013)], or confined its analysis to state-law authorities, *see Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011) (holding the state court's exclusive focus on Ohio's speedy-trial provisions in rejecting a federal speedy-trial claim failed to rebut the presumption of a merits adjudication).

745 F.3d at 209–10.

[19] On this point, *Jackson* is clear:

> Citing our earlier decision in *Danner*, Jackson contends that his double jeopardy claim, though fairly presented, was not adjudicated on the merits and therefore must be reviewed de novo.  We disagree.  Jackson is correct that the Ohio Court of Appeals' analysis of his double jeopardy claim was limited to an application of Ohio's allied offenses statute, Ohio Rev. Code. § 2941.25, as interpreted by the Ohio Supreme Court in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999).  But that analysis is entirely dispositive of the federal double jeopardy claim, as the Ohio Supreme Court recognized in *Rance*.  *Id.* at 705 (explaining that the allied offenses analysis "answers the constitutional and state statutory inquiries").  Therefore, the state court *necessarily* resolved the federal claim, despite not expressly saying so.  *See Johnson* [*v. Williams*], 133 S. Ct. [1088,] 1098 [(2013)] ("Regardless of whether a California court would consider Williams' [state] and Sixth Amendment claims to be perfectly coextensive, the fact that these claims are so similar makes it unlikely that the California Court of Appeal decided one while overlooking the other."); *cf. Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam) (holding that an explained decision receives AEDPA deference even if the state court fails to cite—or is not even aware of—relevant Supreme Court precedent).  Because the Ohio Court of Appeals adjudicated Jackson's

"The Double Jeopardy Clause protects individuals from, inter alia, multiple punishments for the same offense." *Henley*, 2019 WL 9047226, at *6 (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). "Resolution of the double jeopardy question is a matter of legislative intent, and a habeas court is bound by a state court's determination as to whether the state legislature intended multiple punishments for a single criminal incident." *Id.* (citing *Volpe v. Trim*, 708 F.3d 688, 696–97 (6th Cir. 2013)). "Moreover, in determining a state legislature's intent, 'a federal court is bound by a state court's construction of that state's own statutes.'" *Id.* (quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989)). Ohio Rev. Code § 2941.25(B) "determines whether a defendant has been punished twice for the same offense under Ohio law in violation of the federal Double Jeopardy Clause." *Id.* (citing *Jackson*, 745 F.3d at 213). Thus, a decision rendered under the Ohio allied offenses statute is "entirely dispositive" of a federal double jeopardy claim. *Id.* at *7 (citing *Jackson*, 745 F.3d at 210).

On appeal, Malone argued that the trial court erred by not merging the two forgery counts as allied offenses of similar import. (Doc. 9 (Exh. 13) PAGEID 161). Count 2 charged Malone with forging the victim's name to checks and Count 3 charged him with "uttering" (that is, cashing) forged checks. (*Id.*). Malone argued that he could not cash a check without forging it; in contrast, the State claimed that forging a check is a "complete" crime and cashing that check is "something altogether different." (*Id.*). The Fourth District determined that it need not reach that precise issue, however, because there was

---

federal claim "on the merits," we must review its decision under AEDPA's heightened standards.

745 F.3d at 210 (italics in original).

sufficient evidence of multiple *separate* instances of forgery and of "uttering" to support each of the two convictions.  (*Id.* PAGEID 162–64).  Because the Fourth District "discerned the Ohio legislature's intent by applying Ohio's allied offenses statute[,] there can be no doubt that its decision falls outside § 2254(d)(1)'s narrow exceptions to the bar on federal habeas relief."  *Jackson*, 745 F.3d at 214–15.  Malone, therefore, is ineligible for habeas relief on Ground One.  (*See* Doc. 20 PAGEID 960).

**Ground Three.**  Malone's 17-page objection to the Magistrate Judge's recommendation as to Ground Three is essentially a reprise of prior arguments.  Under *Aldrich* and *Renchen*, then, it is properly overruled.  Nonetheless, the Court will address the newly-cited case law by Malone.

Malone again focused his attention on appellate counsel's failure to claim that the jury mistakenly received proposed instructions (tendered by the State) that included reference to his prior criminal record.  These proposed instructions read (at the bottom of page 4 to the top of page 5) in pertinent part:

> [bottom of page 4] Evidence was received that the defendant was convicted of Passing Bad Checks, Breaking and Entering, Safecracking, Receiving Stolen Property, Forgery, Attempted Forgery, Passing Bad Check, Passing Bad Checks, Passing Bad Checks, and Passing Bad Checks.  That evidence was received only for a limited purpose.  It was not received, and you may not consider it, to prove the character of the defendant in order to show he [top of page 5] acted in accordance with that character.  If you find that the defendant was convicted of Passing Bad Checks, Breaking and Entering, Safecracking, Receiving Stolen Property, Forgery, Attempted Forgery, Passing Bad Checks, Passing Bad Checks, Passing Bad Checks, or Passing Bad Checks, you may consider that evidence only for the purpose of testing the defendant's credibility, or believability, and the weight to be given the defendant's testimony.  It cannot be considered for any other purpose.
>
> OR

> It is not necessary that the defendant take the witness stand in her own defense.  He has a constitutional right not to testify.  The fact that the defendant did not testify must not be considered for any purpose.

(Doc. 9 (Exh. 3) PAGEID 81–82).  During the charging conference, at which time both the State's proposed instructions and verdict forms were discussed, the trial judge noted that "so bottom of page 4 comes out" and "the top of page 5 comes out" based on trial counsel's representation that Malone "[was] not going to testify."  (Doc. 9-2 PAGEID 593 (219:7–20)).  Review of the trial transcript confirms that, as between these two proposals, the only instruction read to the jury was the one instructing the jury that Malone need not testify in his own defense.  (*Id.* PAGEID 639 (265:9–12)).  There is absolutely no mention of his past convictions in the oral charge to the jury.

Review of the trial transcript also suggests that a written copy of the final instructions was prepared for the jury to have during deliberations.  In his closing argument, the prosecutor remarked: "The Judge is going to again instruct you.  He's going to give you jury instructions to take back with you.  You'll have these but I wanted to go over them."  (*Id.* PAGEID 612 (238:15–18)).  In fact, the jury appears to have been given a written copy to follow during the oral charge, because the alternate jurors, who were excused, were told they could keep theirs "for a souvenir."  (*Id.* PAGEID 654 (280: 6–8) ("At this time the two alternates are excused.  Leave your notebooks on your chair but you can keep your jury instructions for a souvenir.")).  From these transcript excerpts, Malone leaps to the conclusion that "the proposed jury instructions made its way into the jury room."  (Doc. 21 PAGEID 987 ("If there are no other written instructions for this Honorable Court to go by one would have to assume that the instructions contained in the court files are the ones given to the jurors in their retirement.")).

Such an assumption is, in a word, fantastical.  And, to the Magistrate Judge's point, Malone refers to no direct proof that the Fourth District's contrary decision is clearly unreasonable.

Malone argues that the Magistrate Judge "failed to see the importance and the constitutional violation of" Ohio Rev. Code § 2945.10(G) and Ohio R. Crim. P. 30.  (Doc. 17 PAGEID 989).  Not so.  Rather, the Magistrate Judge correctly applied federal habeas precedent that requires "double" deference to the Fourth District's determination that appellate counsel was not ineffective for failing to raise a due process claim on direct appeal.  *See Harrington*, 562 U.S. at 105.

Ohio. Rev. Code § 2945.10(G)[20] requires that the jury take written instructions with them to deliberate and give them back when they return their verdict.  It also requires that these written instructions be filed on the docket.  Similarly, Ohio R. Crim. P. 30(A)[21]

---

[20] Ohio Rev. Code § 2945.10 (G) reads as follows:

The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury.  **Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced.**  Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court.  **Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.**

(Emphases added).

[21] Ohio R. Crim. P. 30(A) reads as follows:

**Instructions; error; record.**  At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.  Copies shall be furnished to all other parties at the time of making the requests.  The court shall inform counsel of its proposed action on the requests prior to counsel's argument to the jury and shall give the jury complete instructions after the arguments are completed.  The court also may give some or all of its instructions to the jury prior to counsel's arguments.  **The court shall** reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, **provide at**

requires the trial court to reduce its final instructions to writing for the jury to use during deliberations and to "preserve" those instructions for the record.  Still, a failure to file on the docket a copy of the final instructions—in violation of the statute and in contravention of the rule—does not automatically state a due process violation.  (Doc. 17 PAGEID 992 ("Magistrate seems to misunderstand the constitutional argument because this is a dead bang winner.")).[22]  "A State simply has no 'federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable.'"  *Trusty v. Centurion Health Servs.*, No. 19-5872, 2020 WL 548225, at *3 (6th Cir. Jan. 7, 2020) (quoting *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995))

**Ground Six.**  Malone complains that the Magistrate Judge failed to appreciate that Ground Six of his petition was simply an extension of his ineffective assistance of

---

**least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.**

On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objections out of the hearing of the jury.

(Emphases added).

[22] Malone cites various Ohio cases in which appellate courts considered whether such a failure amounts to error.  None of them are factually similar to what happened here.  For example, in *State v. Smith*, the First District reversed the judgment of the trial court and remanded the case for a new trial because "[t]he lack of a copy of the written instructions within the record violates the substantial right of an appellate review afforded to any person convicted of a crime in Ohio." 87 Ohio App.3d 480, 482, 622 N.E.2d 677, 678 (Ohio App. 1st Dist. 1993).  But in that case, the trial court "precharged" the jury and then failed to completely instruct the jury at the completion of closing arguments in violation of Ohio R. Crim. P. 30(A). *Id.* at 481–82, 622 N.E.2d at 678 (quoting *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640, at syl. ¶2 (Ohio 1990) ("After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weight the evidence and discharge its duty as the fact finder.")).

appellate counsel claim set forth in Ground Three and not an "underlying" or "freestanding" claim. (Doc. 21 PAGEID 1000). Presumably he makes this point in response to the Magistrate Judge's determination that he procedurally defaulted this claim. Otherwise, Malone's 11-page objection to the Magistrate Judge's recommendation as to Ground Six repeats the argument made as to Ground Three. For the reasons already discussed, Malone's objection will be overruled.

## IV.    CONCLUSION

Having noted that Petitioner has abandoned Grounds Two, Four, Five, Seven, and Eight, the Court **ACCEPTS** and **ADOPTS** the ultimate recommendation set forth in the Magistrate Judge's April 4, 2019 R&R (Doc. 17) and his May 8, 2019 Supplemental R&R (Doc. 20) as to Grounds One, Three, and Six of the Petition (Doc. 1). Petitioner's objections (Docs. 18, 21), to the extent they relate to Grounds One, Three, and Six, are **OVERRULED**. Thus, the Petition (Doc. 1) is **DISMISSED** in its entirety **with prejudice**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability. The Court **CERTIFIES** that any appeal to the United States Court of Appeals for the Sixth Circuit would be objectively frivolous and, consequently, Petitioner is **DENIED** leave to appeal in forma pauperis.

        **IT IS SO ORDERED**.

                                        /s/ *Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court